UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KWANNDAA BISHOP,

    Plaintiff,

v.

PHILIP HIGGINS, et. al.,

    Defendants.

CV 05-389-HA

ORDER

HAGGERTY, Chief Judge:

Plaintiff filed the *pro se* Complaint in this action on March 18, 2005, alleging seventeen causes of action against several defendants. On April 15, 2005, defendants Philip Higgins, Philip Higgins PC, and Re/Max Equity Group (moving defendants) filed a Rule 12(b) Motion to Dismiss (Doc. #3) plaintiff's claims against them. Under Local Rule 7.1(g), plaintiff's response to this motion was due on April 29, 2005. As of May 13, 2005, plaintiff had failed to file a response. In an Order dated May 13, 2005, this court ordered plaintiff to show cause in writing by June 3, 2005, why the action should not be dismissed against the moving defendants for failure to prosecute. The court warned plaintiff that if she failed to

1 – ORDER

show cause as instructed, and if she failed to file a response to the moving defendants' Motion to Dismiss no later than June 24, 2005, the case would be dismissed as to the moving defendants.

Plaintiff did not show cause by June 3, 2005. Instead, on June 24, 2005, plaintiff filed a Motion for Leave to File Late Opposition to Motion to Dismiss Defendants Philip Higgins, Philip Higgins PC, Re/Max Equity Group (Doc. #17). In this untimely motion, plaintiff stated that she was prevented from responding to the moving defendants' Motion to Dismiss in a timely fashion because she is the full-time and primary caregiver of her grandmother, who was diagnosed with cancer this spring and requires transportation and support related to her many medical appointments. The moving defendants oppose this motion.

Before ruling on plaintiff's motion, the court notes that plaintiff stated in her motion that "Pursuant to L.R. 7.1 (a), I certify I have made a good faith effort through personal or telephone conferences with the defendants' counsel to resolve this dispute, and have been unable to do so." Mot. for Leave to File Late Opp. at 1. In their memorandum opposing plaintiff's motion, the moving defendants state that they have never been contacted by plaintiff about this matter. The moving defendants also state that they previously attempted to confer with plaintiff through a direct phone call on April 14, 2005, but that there was a pre-recorded message stating that incoming calls were not accepted. The court cautions plaintiff that representations to the court, if found to be untruthful, may be a basis for dismissal of her claims.

Despite her failure to timely file a response, and only because she is a *pro se* plaintiff, this court very reluctantly grants plaintiff's Motion for Leave to File Late Opposition to Motion to Dismiss. Therefore, the court will reach the merits of the moving

2 – ORDER

defendants' Motion to Dismiss.

**<u>The moving defendants' Motion to Dismiss</u>**

The moving defendants' first ground for dismissal is for ineffective service of the Summons and Complaint. The Federal Rules of Civil Procedure provide that service in any state may be effected pursuant to the laws of that state. Fed. R. Civ. P. 4(e). Oregon Rule of Civil Procedure 7(G) provides as follows:

> G Disregard of error; actual notice. <u>Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, or who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person if the court determines that the defendant received actual notice of the substance and pendency of the action.</u> The court may allow amendment to a summons, or affidavit, declaration or certificate of service of summons. The court shall disregard any error in the content of summons that does not materially prejudice the substantive rights of the party against whom summons was issued. If service is made in any manner complying with subsection D(1) of this section, the court shall also disregard any error in the service of summons that does not violate the due process rights of the party against whom summons was issued.

Or. R. Civ. P. 7(G) (emphasis added). Despite plaintiff's apparent failure to comply with the rules for serving her Summons and Complaint, it is clear to the court that the moving defendants have received actual notice of the substance and pendency of this action. Furthermore, there is no indication that their due process rights have been violated. Therefore, the moving defendants' motion to dismiss for improper service is denied.

The moving defendants' second grounds for dismissal is lack of jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 377 (citations omitted). Therefore, here, plaintiff bears the burden of establishing jurisdiction in this case.

It is difficult to tell from the Complaint on what basis plaintiff alleges jurisdiction over the moving defendants. The Complaint alleges jurisdiction under:

> 12 U.S.C. § 2610; 15 U.S.C. § 15(a); 15 U.S.C. §§ 78 (Section 10(b) and Rule 10b-5(b)), 1640(e), 1681 et seq., 1692-1692(o); Regulation X; Regulation Z § 226; 28 U.S.C. §§ 1331, 1332, 1337, 1652, 2201 et seq.; U.S. Const. I §8.17; U.S. Const. IV §§ 3.2, 4; Amendments IX, X XIV, XVII. The value at issue exceeds $75,000. The plaintiff requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

Compl. ¶ 2. The Complaint also alleges that Philip Higgins PC and Re/Max Equity Group are foreign corporations and that Philip Higgins is a foreign citizen. Compl. ¶ 8, 9. The moving defendants state that Philip Higgins PC is not a foreign corporation and that Philip Higgins is not a foreign citizen. Aff. of Philip Higgins ¶ 7.

Federal law defines diversity jurisdiction as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332. Furthermore, under 28 U.S.C. § 1332, there must be complete diversity of citizenship between the parties opposed in interest. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). This means that in order to establish diversity jurisdiction plaintiff must prove to the court that the matter in controversy exceeds $75,000 and that plaintiff is a citizen of a different state than all of the defendants.

In her opposition to the moving defendants' Motion to Dismiss, plaintiff argues that it would be improper for this court to dismiss her claims for lack of diversity jurisdiction because Martha J. Hodgkinson's affidavit "makes no mention of the citizenship" of Philip Higgins, Philip Higgsin, PC, or Re/Max Equity Group. Pl.'s Mem. in Supp. of Opp. to Rule 12(b) Mot. to Dismiss at 6. Plaintiff misconstrues the legal standard because it is she, not

4 – ORDER

the moving defendants, who bears the burden to prove that diversity jurisdiction exists. Plaintiff has provided no evidence regarding the citizenship of the moving defendants. Therefore, plaintiff has failed to establish diversity jurisdiction.

The moving defendants' third grounds for dismissal is that plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In order to comply with the Federal Rules governing pleadings, plaintiffs must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the court must determine whether it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Fed. R. Civ. P. 12(b)(6); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Generally, the court considers only the contents of the complaint, and the court must construe all allegations of material fact in the light most favorable to the non-moving party. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997).

Here, plaintiff's Complaint alleges seventeen causes of action, twelve of which are against "all defendants," one of which is against the corporate defendants (which includes Philip Higgins PC and Re/Max Equity Group), and one of which is against Philip Higgins PC and Philip Higgins. The court agrees with the moving defendants that it is difficult to discern which of the facts and allegations in the Complaint pertain to which defendants. However, at this stage in the litigation, the court need only ensure that the Complaint puts the moving defendants on notice of plaintiff's claims and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In light of this, Rule 8's liberal pleading requirements, and the fact that plaintiff is proceeding *pro se,* this court cannot conclude beyond a doubt that plaintiff can prove no set of facts in support of her claims that would

5 – ORDER

entitle her to relief. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (stating that the allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

However, not all of plaintiff's claims are governed by Rule 8. Plaintiff's claims for fraud must comply with Rule 9, which imposes a burden beyond Rule 8(a)'s requirement that a plaintiff need only give the defendant fair notice of its claim. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citation omitted). The plaintiff must also set forth an explanation as to why the statement or omission complained of was false or misleading. *In re Glenfed, Inc. Secur, Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *remanded on other grounds*. "[W]hile mere conclusory allegations of fraud are insufficient, statements of the time, place, and nature of the alleged fraudulent activities are sufficient." *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir. 1987) (citations omitted).

Here, plaintiff's Third Cause of Action is for fraud and her Ninth Cause of Action is for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) based on alleged "acts of extornionate credit transactions and mail / wire fraud." Compl. ¶ 30. Both causes of action are alleged against all defendants. Rule 9(b) applies where allegations of fraud form the basis of a RICO claim. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) (citation omitted). For both of these claims, the Complaint fails to allege facts sufficiently specific to meet the requirements of Rule 9(b). In fact, the

6 – ORDER

Complaint does not contain any specific facts indicating the time, place, or manner in which the allegedly fraudulent representations forming the basis of these claims were made. The court also cautions plaintiff that there are specific pleading requirements for each element of a RICO claim and that such a claim will be subject to dismissal if not properly plead.

**CONCLUSION**

For the reasons provided above, plaintiff's Motion for Leave to File Late Opposition to Motion to Dismiss Defendants Philip Higgins, Philip Higgins PC, Re/Max Equity Group (Doc. #17) is GRANTED. Defendants Philip Higgins, Philip Higgins PC, and Re/Max Equity Group's Rule 12(b) Motion to Dismiss (Doc. #3) is DENIED. In light of the liberality given to amendments to a *pro se* complaint, *see Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987), plaintiff is ordered to amend her Complaint to cure the deficiencies described in this Order. Plaintiff's Amended Complaint is to be filed no later than August 19, 2005.

IT IS SO ORDERED.

DATED this  29  day of July, 2005.

                                               /s/ Ancer L. Haggerty

                                                      Ancer L. Haggerty
                                                United States District Judge