UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KWANNDAA BISHOP,

       Plaintiff,                                        CV 05-389-HA

       v.                                              ORDER

PHILIP HIGGINS, et. al.,

       Defendants.

HAGGERTY, Chief Judge:

       Plaintiff filed the *pro se* Complaint in this action on March 18, 2005, alleging seventeen causes of action against several defendants. On May 9, 2005, defendant Robert C. Dougherty (Dougherty) filed a Motion to Dismiss (Doc. #10) plaintiff's claims against him. Under the Local Rules, plaintiff had until May 23, 2005, to file a response to Dougherty's motion. In an Order dated May 13, 2005, this court warned plaintiff that if she failed to file a timely response to Dougherty' Motion to Dismiss, the motion would be granted with prejudice and plaintiff's claims against Dougherty would be dismissed.

1 – ORDER

Plaintiff did not file a timely response to Dougherty's motion. Instead, on June 24, 2005, plaintiff filed a Motion for Leave to File Late Opposition to Motion to Dismiss Defendant Robert C. Dougherty (Doc. #15). In this untimely motion, plaintiff stated that she was prevented from responding to Dougherty's motion in a timely fashion because she is the full-time and primary caregiver of her grandmother, who was diagnosed with cancer this spring and requires transportation and support related to her many medical appointments.

In opposing plaintiff's motion, Dougherty asserts that plaintiff's explanation for her delay is not legitimate because she is not actually preparing the court documents in this case. Dougherty asserts that plaintiff, and whoever is assisting her with this case, have been actively pursuing other actions in other courts during the time plaintiff should have filed her response to his Motion to Dismiss. Therefore, Dougherty urges the court to deny plaintiff's request to file a late response.

Before ruling on this motion, the court notes that plaintiff stated in her motion that "Pursuant to L.R. 7.1 (a), I certify I have made a good faith effort through personal or telephone conferences with the defendants' [sic] counsel to resolve this dispute, and have been unable to do so." Mot. For Leave to File Late Opp. at 1. In his memorandum opposing plaintiff's motion, Dougherty states that plaintiff did not make any effort to contact him regarding this motion and that they did not engage in any good faith personal or telephone conferences about this issue. The court cautions plaintiff that representations to the court, if found to be untruthful, may be a basis for dismissal of her claims.

Despite her failure to timely file a response, and only because she is a *pro se* plaintiff, this court very reluctantly grants plaintiff's Motion for Leave to File Late Opposition to Motion to Dismiss. Therefore, the court will reach the merits of Dougherty's Motion to Dismiss.

2 – ORDER

**Dougherty's Motion to Dismiss**

Dougherty's first grounds for dismissal is that he was not properly served with the Complaint or Summons. The Federal Rules of Civil Procedure provide that service in any state may be effected pursuant to the laws of that state. Fed. R. Civ. P. 4(e). Oregon Rule of Civil Procedure 7(G) provides as follows:

> G Disregard of error; actual notice. <u>Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, or who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person if the court determines that the defendant received actual notice of the substance and pendency of the action</u>. The court may allow amendment to a summons, or affidavit, declaration or certificate of service of summons. The court shall disregard any error in the content of summons that does not materially prejudice the substantive rights of the party against whom summons was issued. If service is made in any manner complying with subsection D(1) of this section, the court shall also disregard any error in the service of summons that does not violate the due process rights of the party against whom summons was issued.

Or. R. Civ. P. 7(G) (emphasis added). Despite plaintiff's apparent failure to comply with the rules for serving her Summons and Complaint, it is clear to the court that defendant Dougherty has received actual notice of the substance and pendency of this action. Furthermore, there is no indication that Dougherty's due process rights have been violated. Therefore, Dougherty's Motion to Dismiss for improper service is denied.

Dougherty's second grounds for dismissal is lack of jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 377 (citations omitted). Therefore, here, plaintiff bears the burden of establishing jurisdiction in this case.

As Dougherty correctly states, it is difficult to tell from the Complaint on what basis

plaintiff alleges jurisdiction over Dougherty. The Complaint alleges jurisdiction under:

> 12 U.S.C. § 2610; 15 U.S.C. § 15(a); 15 U.S.C. §§ 78 (Section 10(b) and Rule 10b-5(b)), 1640(e), 1681 et seq., 1692-1692(o); Regulation X; Regulation Z § 226; 28 U.S.C. §§ 1331, 1332, 1337, 1652, 2201 et seq.; U.S. Const. I §8.17; U.S. Const. IV §§ 3.2, 4; Amendments IX, X XIV, XVII. The value at issue exceeds $75,000. The plaintiff requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

Compl. ¶ 2. The Complaint also alleges that Dougherty is a foreign citizen. Compl. ¶ 9. Dougherty disputes that he is a foreign citizen. Mem. in Supp. of Def. Robert C. Dougherty's Mot. to Dismiss at 2. Federal law defines diversity jurisdiction as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332. This means that in order to establish diversity jurisdiction plaintiff must prove to the court that the matter in controversy exceeds $75,000 and that the parties are citizens of different states.

In her opposition to Dougherty's Motion to Dismiss, plaintiff argues that it would be improper for this court to dismiss her claims for lack of diversity jurisdiction because "Dougherty says nothing in his Affidavit about citizenship, therefore there is no basis for dismissing the Complaint for lack of diversity of jurisdiction." Pl.'s Mem. in Supp. of Opp. to Mot. to Dismiss at 2. Plaintiff misconstrues the legal standard because it is she, not Dougherty, who bears the burden to prove that diversity jurisdiction exists. Dougherty states that he is not a foreign citizen, plaintiff has provided no evidence regarding his citizenship, and it appears from the addresses on file with this court that plaintiff and Dougherty are both citizens of Oregon. Therefore, plaintiff has failed to establish diversity jurisdiction.

Dougherty's third grounds for dismissal is that plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In order to comply with the Federal Rules governing pleadings, plaintiffs must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the court must determine whether it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Fed. R. Civ. P. 12(b)(6); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Generally, the court considers only the contents of the complaint, and the court must construe all allegations of material fact in the light most favorable to the non-moving party. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997).

Here, plaintiff's Complaint alleges seventeen causes of action, twelve of which are against "all defendants."[1] At this stage in the litigation, the court need only ensure that the Complaint puts defendant on notice of plaintiff's claims and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Complaint contains twelve causes of action which could conceivably be alleged against Dougherty, but Dougherty's name is referenced only a single time: "Defendants Philip Higgins, Robert C. Dougherty, Ali Jagwe, John Mayer and Travis Lally are foreign citizens." Compl. ¶ 9. Nonetheless, in light of Rule 8's liberal pleading requirements and the fact that plaintiff is proceeding *pro se*, this court cannot conclude beyond a doubt that plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per

---

[1] The Fifth, Seventh, Eleventh, Twelfth, and Seventeenth Causes of Action are alleged against specific defendants and not alleged against Dougherty. Therefore, those causes of action are not at issue here.

5 – ORDER

curiam) (stating that the allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

However, not all of plaintiff's claims are governed by Rule 8. Plaintiff's claims for fraud must comply with Rule 9, which imposes a burden beyond Rule 8(a)'s requirement that a plaintiff need only give the defendant fair notice of its claim. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citation omitted). The plaintiff must also set forth an explanation as to why the statement or omission complained of was false or misleading. *In re Glenfed, Inc. Secur, Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *remanded on other grounds*. "[W]hile mere conclusory allegations of fraud are insufficient, statements of the time, place, and nature of the alleged fraudulent activities are sufficient." *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1439 (9th Cir. 1987) (citations omitted).

Here, plaintiff's Third Cause of Action is for fraud and her Ninth Cause of Action is for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) based on alleged "acts of extornionate credit transactions and mail / wire fraud." Compl. ¶ 30. Both causes of action are alleged against all defendants. Rule 9(b) applies where allegations of fraud form the basis of a RICO claim. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir. 1989) (citation omitted). For both of these claims, the Complaint fails to allege facts sufficiently specific to meet the requirements of Rule 9(b). In fact, the Complaint does not contain any specific facts indicating the time, place, or manner in which

6 – ORDER

the allegedly fraudulent representations forming the basis of these claims were made. The court also cautions plaintiff that there are specific pleading requirements for each element of a RICO claim and that such a claim will be subject to dismissal if not properly plead.

**CONCLUSION**

For the reasons provided above, plaintiff's Motion for Leave to File Late Opposition to Motion to Dismiss Defendant Robert C. Dougherty (Doc. #15) is GRANTED. Defendant Robert C. Dougherty's Motion to Dismiss (Doc. #10) is DENIED. In light of the liberality given to amendments to a *pro se* complaint, *see Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987), plaintiff is ordered to amend her Complaint to cure the deficiencies described in this Order. Plaintiff's Amended Complaint is to be filed no later than August 19, 2005.

IT IS SO ORDERED.

DATED this   29   day of July, 2005.

　　　　　　　　　　　　　　　　　　　　 /s/Ancer L.Haggerty
　　　　　　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　　United States District Judge